**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Thuy N. Tran** (SBN 258104)
213.377.5503 | ttran@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Resurgent Capital Services, L.P.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE FROST,<br><br>            Plaintiff,<br><br>   vs.<br><br>RESURGENT CAPITAL SERVICES L.P.,<br><br>            Defendant. | Case No. 5:15-cv-3987<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Honorable Edward J. Davila<br><br>Date:   January 14, 2016<br>Time:   9:00 a.m.<br>Courtroom:  4, 5th Floor |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 14, 2016 at 9:00 a.m. in department 4 of the above-entitled court located at 280 South 1st Street, San Jose, California 95113, Defendant Resurgent Capital Services, L.P. ("Resurgent") will move the Court to dismiss Plaintiff Leslie Frost's ("Plaintiff") First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the following grounds:

1. Plaintiff's cause of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, fails to state a claim upon which relief can be granted.

2. Plaintiff's cause of action for violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*, fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities in support thereof, all other pleadings and records on file in this action, and any other argument or matter the Court deems proper.

DATED: October 8, 2015.

          YU | MOHANDESI LLP

          By   */s/ Thuy N. Tran*
              Thuy N. Tran
              Attorney for Defendant
              Resurgent Capital Services, L.P.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Leslie Frost ("Plaintiff") had an outstanding debt regarding a General Electric account (the "Debt"). In 2012, the Debt was acquired by defendant Resurgent Capital Services, LP ("Resurgent"). Resurgent then attempted to collect the principal balance on the Debt, as well as interest on the Debt. Plaintiff now claims that Resurgent violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") based on a single allegation that Resurgent improperly attempted to collect interest on the Debt.

Plaintiff's claims fail as a matter of law because the Ninth Circuit has held that a debt collector is entitled to collect interest, and does not violate the FDCPA or the Rosenthal Act when interest is allowed under the terms of an agreement or by state law. Here, Resurgent was entitled to collect interest under both the underlying agreement and under state law. Plaintiff's First Amended Complaint ("FAC") is predicated entirely on this erroneous belief that Resurgent is not entitled to collect interest in the Debt. After two attempts to allege a cause of action against Resurgent, Plaintiff has demonstrated that she simply cannot allege any facts in support of her FDCPA and Rosenthal Act claims.[1]

Accordingly, Plaintiff fails to state a cause of action against Resurgent and her FAC should be dismissed without leave to further amend.

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that she had an outstanding debt regarding a General Electric account (the "Debt"). FAC ¶ 4. General Electric sent monthly statements to Plaintiff that "routinely included the amount of interest and/or monthly fees charged to

---

[1] Plaintiff's original Complaint alleged that Resurgent sent her a collection letter that failed to include the creditor's address, an explanation of the amount, the nature and reason for all post-charge-off interest and fees, or statements as required under the Fair Debt Buying Practices Act ("Debt Buying Act"), Civil Code section 1788.52(b). Resurgent moved to dismiss the Complaint and Plaintiff filed her FAC in response to Resurgent's Motion to Dismiss. The FAC abandons the Debt Buying Act allegations, but raises, for the first time, allegations of improper post charge-off interest.

Plaintiff's account." *Id.* at ¶ 6. At some unspecified time, General Electric charged off the Debt. *Id.*

On or about September 25, 2012, the Debt was acquired by Resurgent. *Id.* at ¶ 7. When the debt was acquired by Resurgent, the amount of the debt was $547.96. *Id.* at ¶ 14.

Plaintiff further alleges that on January 14, 2015, Resurgent sent a letter to Plaintiff in an attempt to collect $604.01, which includes interest on the Debt. *Id.* at ¶ 15. Plaintiff alleges that Resurgent improperly attempted to collect post-charge off interest on the Debt. *Id.* at ¶ 16.

### III.   LEGAL ARGUMENT

**A.   Legal Standard For Motion To Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). The purpose of a Rule 12(b)(6) motion is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not survive a motion to dismiss. *Id.* at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When, as in this case, it would be futile to amend the complaint's deficiencies, dismissal may be ordered with

prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### B. Plaintiff Fails To Allege A Violation Of The FDCPA

Plaintiff alleges that Resurgent violated various provisions of sections 1692e and 1692f of the FDCPA. Section 1692e of the FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692f similarly forecloses debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Specifically, Plaintiff alleges that Resurgent violated the FDCPA by "seeking and attempting to collect from Plaintiff's post charge-off date interest on the alleged debt. . . ." FAC ¶ 16. Plaintiff's claim, however, fails as a matter of law because the Ninth Circuit recently rejected this theory of liability in *Diaz v. Kubler Corporation*, 785 F.3d 1326 (9th Cir. 2015).

In *Diaz*, plaintiff Diaz incurred a debt for dental services from Parkway Dental Group. *Diaz,* 785 F.3d at 1328-29. Parkway then sold the debt to a debt collection agency, Kubler, which began efforts to collect the debt. *Id*. Kubler sent the Diaz a letter demanding that she pay $3,144 in principal and $298.03 in interest. *Id*. Diaz then filed suit in federal court claiming that Kubler violated the FDCPA and the Rosenthal Act by seeking interest on the debt. *Id*. Diaz moved for summary judgment. The district court granted summary judgment and held that "[w]ithout a judgment for breach of contract awarding prejudgment interest, Defendant cannot seek to collect prejudgment interest on Plaintiff's debt at the rate set forth in California Civil Code section 3289." *Diaz v. Kubler Corp.*, 982 F. Supp. 2d 1146, 1156 (S.D. Cal. 2013) (citations omitted).

The Ninth Circuit reversed the district court and held that the debt collection letter did not violate the FDCPA or the Rosenthal Act by attempting to collect interest. The Court explained that debt collectors are prohibited from seeking to collect any amount that is not "expressly authorized by the agreement creating the debt or

permitted by law." 15 U.S.C. §1692f(1). However, "[a] debt collector does not violate this provision if the amounts it seeks are authorized by state law." *Diaz,* 785 F.3d at 1328. The Court noted that under California law, interest is authorized under Civil Code sections 3287 and 3289. Section 3287 allows recovery of prejudgment interest on debts under certain circumstances:

> (a) A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during which time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.
>
> (b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

Cal. Civ. Code § 3287 (West 1997) (amended 2013). Section 3289 provides that "[i]f a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289.

The Court explained that Kubler was entitled to collect interest under section 3287 so long as the amount of the debt was certain:

> Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage. Consequently, prejudgment interest under section 3287(a) becomes available as of the day the amount at issue becomes 'calculable . . . mechanically, on the basis of uncontested and conceded evidence,' and it is available 'as a matter of right,' rather than at the discretion of a court.

*Diaz*, 785 F.3d at 1329.  Accordingly, the case was reversed and remanded to the district court.

Here, Resurgent is entitled to collect interest on the Debt for two reasons.  First, the Debt originated with General Electric, and Plaintiff alleges that General Electric was entitled to collect interest on the Debt.  *See* FAC ¶ 6.  Accordingly, Resurgent is entitled to collect interest on the Debt because interest is "expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. §1692f(1).

Second, even if interest were not allowed pursuant to the underlying agreement, Resurgent is entitled to collect interest as a matter of law under Civil Code sections 3287 and 3289.  To be clear, Plaintiff does not dispute that Resurgent is entitled to collect the Debt.  Nor does Plaintiff dispute the amount that was due when Resurgent acquired the Debt, or the amount of interest Resurgent has attempted to collect.  Plaintiff argues, instead, that Resurgent is only entitled to collect $547.96—the amount of the Debt at the time that Resurgent acquired the Debt.  *See* FAC ¶ 14.  Plaintiff alleges that Resurgent has violated the FDCPA and the Rosenthal Act by attempting to collect interest on top of the principal amount due.  Under *Diaz* and Civil Code section 3287, however, the amount of the Debt is undisputed, and Resurgent is thus entitled to collect interest on the debt.  *See Provo v. Rady Children's Hospital-San Diego*, 2015 U.S. Dist. LEXIS 75936, *5-8 (S.D. Cal. June 11, 2015) (granting motion to dismiss FDCPA and Rosenthal Act claims premised upon the alleged charging of interest).

Accordingly, Plaintiff's FDCPA claim fails as a matter of law.

**C.     Plaintiff Fails To Plead A Violation Of The Rosenthal Act**

The Rosenthal Act requires every debt collector collecting or attempting to collect a consumer debt to comply with the provisions of the FDCPA, and incorporates the terms of the FDCPA.  *See* Cal. Civ. Code. § 1788.17 ("Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections

1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the Unites States Code."); *see also Diaz*, 785 F.3d at 1328 (The Rosenthal Act "mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations." Therefore, "the Rosenthal Act claims at issue . . . rise or fall with the FDCPA claims.").

Here, Plaintiff's Rosenthal Act claim is based entirely on alleged violations of the FDCPA. As set forth above, Plaintiff fails to allege a cause of action under the FDCPA, and her Rosenthal Act claim also fails.

## IV.   CONCLUSION

Plaintiff's claims for violation of the FDCPA and Rosenthal Act fail as a matter of law, and no level of amendment can cure these legal deficiencies. Therefore, Resurgent respectfully requests that the Court grant its Motion to Dismiss without leave to further amend.

DATED:  October 8, 2015.

          YU | MOHANDESI LLP

          By   */s/ Thuy N. Tran*
             Thuy N. Tran
             Attorney for Defendant
             Resurgent Capital Services, L.P.

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2015, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below. Parties may access this filing through the Court's system.

DATED: October 8, 2015.

YU | MOHANDESI LLP

By  */s/ Thuy N. Tran*
 Thuy N. Tran
 Attorney for Defendant
 Resurgent Capital Services, L.P.