1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5          SAN JOSE DIVISION

6

7    LESLIE FROST,                            Case No. 5:15-cv-03987-EJD

              Plaintiff,
8                                             **ORDER GRANTING DEFENDANT'S**
         v.                                   **MOTION TO DISMISS**
9
                                              Re: Dkt. No. 20
10   RESURGENT CAPITAL SERVICES, L.P.,

              Defendant.
11

12          Plaintiff Leslie Frost ("Plaintiff") filed a complaint against Defendant Resurgent Capital

13   Services, LP ("Defendant") alleging that Defendant violated multiple sections of the Fair Debt

14   Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and the Rosenthal Fair Debt

15   Collection Practices Act ("RFDCPA"), California Civil Code § 1788 et. seq., by attempting to

16   collect post charge-off[1] interest on the debt allegedly owed by Plaintiff.  Dkt. No. 18 ("FAC") at

17   ¶16.

18          Federal jurisdiction arises pursuant to 28 U.S.C. § 1331.  Presently before the court is

19   Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 20

20   ("Mot").  Plaintiff opposes the motion.  Dkt. No. 21 ("Opp").  Having carefully reviewed the

21   relevant papers, the Court GRANTS Defendant's Motion to Dismiss for the reasons explained

22   below.

23

24

25   [1]Charge-off is defined as a declaration by a creditor that an amount is unlikely to be collected.
     Hanks v. Talbots Classics Nat. Bank, C-12-2612-SI, 2012 WL 3236323, at *2, *n.2 (N.D. Cal.
26   Aug. 6, 2012).  Traditionally, creditors will make this declaration after six months of nonpayment
     by the debtor.  Federal regulations require creditors to charge-off installment loans after 120 days
27   of delinquency.  Id.  While the charge is considered uncollectable by the original lender, the debt
     is still legally valid and remains so after charge-off.  Id.
28                                            1
     Case No.: 5:15-cv-03987-EJD
     ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

United States District Court
Northern District of California

## I.      BACKGROUND

Plaintiff alleges Defendant contacted her multiple times in the year prior to the filing of the complaint to collect a debt purportedly owed by Plaintiff to General Electric ("GE").  FAC at ¶ 4. GE, the original creditor and owner of the debt, sold it to Defendant on or about September 25, 2012, which was identified as the debt's approximate date of charge-off.  Id. at ¶ 7.  The debt, when sold to Defendant, amounted to $547.96.  Id. at 14.

Thereafter, Plaintiff alleges GE stopped sending her monthly statements, ceased charging interest on the debt in accordance with its regular business practice, and effectively waived its right to collect post charge-off interest.  Id. at ¶¶ 6, 8, 10.  Finally, Plaintiff alleges Defendant attempted to collect $604.01 on January 14, 2015 – an amount in excess of the $547.96 debt allegedly owed - in a violation of the FDCPA and the RFDCPA. Id. at ¶¶ 15, 16, 19.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."  Id. at 556-57.  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Case No.: 5:15-cv-03987-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

III.    **DISCUSSION**

**A.  FDCPA**

The FDCPA is a remedial statute aimed at curbing what Congress considered "an industry-wide pattern of and propensity towards abusing debtors." <u>Caudillo v. Portfolio Recovery Assoc's, LLC</u>, No. 12-CV-200-IEG, 2013 WL 4102155, at *2 (S.D. Cal. Aug. 13, 2013).  To that end, the statute prohibits debt collectors from trying to collect any amount that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).  A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. 1692(f).  In order to state a claim under the FDCPA, a plaintiff must allege facts that establish the following: (1) plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.  <u>Dang v CitiMortgage, Inc.</u>, No:11-CV-05036-EJD, 2012 WL762329, at *3 (N.D. Cal. Mar. 7, 2012).

Plaintiff alleges sufficient facts to satisfy the first two prongs.  Plaintiff was the object of collection activity because she alleges Defendant sent her a debt collection letter in an attempt to collect $604.01.  The second prong is satisfied because Defendant admits that it is a debt collector as defined by the FDCPA.  As such, the motion's outcome will depend on whether Plaintiff alleged sufficient facts to establish that Defendant engaged in a prohibited act or failed to perform a requirement imposed by the FDCPA.

**i.     Defendant is entitled to collect interest under California law**

Defendant argues Plaintiff's allegation that Defendant violated the FDCPA by attempting to collect interest on the debt after its charge-off is unpersuasive for several reasons.  First, Defendant argues it is entitled to collect interest on the debt because collecting interest was "expressly authorized" by the original agreement between Plaintiff and GE.  Dkt. No. 20 ("Mot.") at 6.  Second, even if collecting interest was not originally authorized in the agreement, Defendant argues it is still entitled to interest under California Civil Code sections 3287(a) and 3289 because the underlying debt amount is undisputed.  <u>Id.</u> at 7.

3

Case No.: 5:15-cv-03987-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1       Plaintiff counters by arguing that Defendant cannot collect interest under any agreement

2  between GE and Plaintiff because Defendant fails to allege that any agreement existed.  Dkt. No.

3  21 ("Opp") at 11.  Additionally, Plaintiff argues Defendant did not acquire any right to add post

4  charge-off interest on the alleged debt because when it purchased the debt from GE, Defendant

5  "knew and understood,…that no additional interest accrued, or could accrue, on the alleged debt

6  after the charge-off date."  Id. at 13.  Finally, Plaintiff adds Defendant violated the law by

7  attempting to collect an amount larger the one owed.  Id.

8       A debt collector does not violate the FDCPA if the amount it seeks is authorized by state

9  law.  See Diaz v. Kubler Corp., 785 F.3d 1326, 1328 (9th Cir. 2015); see also Freyermuth v.

10  Credit Bureau Servs., 248 F.3d 767, 770 (8th Cir. 2001).  California's laws allow recovery of

11  prejudgment interest on debts under certain circumstances, and state as follows:

> (a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during which time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state.
>
> (b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed.

21  Cal. Civ. Code § 3287 (amended 2013).

22       Section 3287(a) allows recovery of prejudgment interest from the time the creditor's right

23  to recover vests.  Diaz, 785 F.3d at 1329.  Vesting occurs if and when the amount of the damages

24  "becomes certain…[and] not at the time liability to pay those amounts is determined."  Id. at 1329

25  (internal quotations and citations omitted) (emphasis added); see also Id. ("prejudgment interest

26  under section 3287(a) becomes available as of the day the amount at issue becomes

27  'calculable…on the basis of uncontested and conceded evidence.'").

28

4

1    Here, neither party disputes the fact that the debt amount of $547.96 vested on or about

2  September 25, 2012.  While some ambiguity persists regarding the exact date of the debt's charge-

3  off and its subsequent purchase by Defendant, several facts render this ambiguity irrelevant.  First,

4  Defendant purchased Plaintiff's debt and is now undisputedly its current owner.  Second, upon its

5  purchase, the debt amount was undisputedly $547.96.  And finally, neither party disputes the fact

6  that by January 14, 2015 – the date on which Defendant attempted to collect Plaintiff's debt - the

7  debt amount (absent interest) was anything other than $547.96.  So, to the extent that there was

8  ambiguity regarding the exact day of the debt's charge-off in 2012, there is certainly no dispute or

9  ambiguity about the fact that the debt was certain and calculable (absent interest) on January 14,

10  2015.  As such – based on the facts plead - Defendant had the statutory right to collect interest on

11  the $547.96 debt amount pursuant to section 3287(a) on January 14, 2015.

12    Accordingly, for all of the reasons stated above, Plaintiff has failed to allege facts

13  sufficient to state a claim under the FDCPA because California law entitles Defendant to collect

14  interest on the debt.

15            ii.    **Neither GE nor Defendant has plausibly waived any rights based on the facts alleged in the complaint**

16    Plaintiff asserts that when GE charged-off the debt, it waived its right to collect post

17  charge-off interest in accordance with its "regular business practice."  Opp. at 15; see also FAC at

18  ¶ 10.  Plaintiff also argues that because Defendant did not acquire any right to charge interest

19  when it purchased the debt from GE, the contractual agreement between Defendant and GE was

20  silent regarding interest.  Id. at 15.  As such, according to Plaintiff, the law would entitle

21  Defendant to collect interest at legal rates only from the time that the debt becomes due and

22  payable, "if such [a] time is certain or can be made certain."  Id.

23    A waiver is a "voluntary and intentional relinquishment of a known right."  Upper Deck

24  Co. v. American Intern. Specialty Lines Ins. Co., 495 F. Supp. 2d 1092, 1103 (S.D. Cal. 2007); see

25  also Dorroh v. Deerbrook Ins. Co., 612 Fed. Appx. 424, 426 (9th Cir. 2015) (noting that a waiver

26  is the "intentional relinquishment of a known right after knowledge of the facts" and "always rests

United States District Court
Northern District of California

1   upon intent")(internal quotations and citations omitted).  A waiver may result from an express

2   agreement or be inferred from unequivocal acts or conduct demonstrating an intent to waive.

3   Landover Corp. v. Bellvue Master LLC, 252 Fed. Appx. 800, 803 (9th Cir. 2007).  However, "a

4   court should not infer waiver from ambiguous factors."  Id.

5          Plaintiff argues GE waived its right to collect interest on the debt because its general

6   business practice was to forego charging interest after a debt was charged off.  The court finds this

7   argument unpersuasive.  There are no factual allegations present in the complaint that state GE

8   applied its alleged business practice of ceasing the collection of post charge-off interest to

9   Plaintiff's debt.  See Swafford v. Unifund CCR Partners, No. 13-C-1572, 2013 WL 5701045, at *3

10  (N.D. Ill Oct. 18, 2013) (observing that it would be conjecture and speculation to assume that

11  Citibank acted in a certain manner with respect to Swafford's [Plaintiff Debtor] account based on

12  Citibank's general policy and practice relating to charging-off interest on credit card debts).

13  Plaintiff fails to allege any conversations or exchange of documents between GE and Plaintiff in

14  which GE evinced its intent to forego collecting interest on Plaintiff's debt at or after charge-off.

15  In essence, Plaintiff's waiver argument requires the court to infer that GE's alleged regular

16  business practice of not collecting post charge-off interest applied in this case and that this

17  application resulted in a waiver of GE's right to charge interest.  In the absence of more specific

18  facts, plaintiff's arguments require the court to make unsupported inferences and amount to mere

19  legal conclusions.  Additionally, Plaintiff's argument that, since Defendant did not acquire any

20  right to charge interest when it purchased the debt from GE, the contractual agreement between

21  Defendant and GE was silent regarding interest is circular and unpersuasive.  Again, it requires the

22  court to draw an unsupported factual inference from a legal conclusion.

23         Therefore, the court finds that Plaintiff failed to allege facts sufficient to support its

24  argument that GE waived its right to collect post charge-off interest.

25         **B.  RFDCPA**

26         "California has adopted a state version of the FDCPA, called the Rosenthal Act."  Riggs v.

27  Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012).  The RFDCPA "mimics or incorporates

28

United States District Court
Northern District of California

1  by reference the FDCPA's requirements...and makes available the FDCPA's remedies for

2  violations." <u>Diaz</u>, 785 F.3d at 1328 (quoting <u>Riggs</u>, 681 F.3d at 1100).  The RFDCPA claims rise

3  and fall with the FDCPA claims.  <u>Id.</u> at 1328; <u>see also</u> <u>Finley v. Dynamic Recovery Solutions</u>

4  <u>LLC</u>, 14-CV-4028-TEH, 2015 WL 3750140, at *5 (N.D. Cal. June 15, 2015)("Defendants are

5  entitled to summary judgment on the Rosenthal Act claims only to the extent that they are entitled

6  to summary judgment on the federal claims").

7          As discussed above, Plaintiff has failed to allege facts sufficient to state a claim of

8  violation of the FDCPA.  For this reason, Plaintiff has failed to allege facts sufficient to state a

9  claim of violation of the RFDCPA.

10         **C.  Plaintiff will not suffer prejudice due to an alleged premature filing of the Motion
                to Dismiss**

11         Plaintiff asserts that Defendant's premature filing of the Motion to Dismiss unfairly

12  prejudiced her because she did not have the opportunity to utilize the discovery process.  Opp. at

13  14.  As such, she was deprived of her opportunity to request production of appropriate documents

14  in order to allow the instant case to be decided on its merits.  <u>Id.</u> at 14.

15         On a motion to dismiss, the court generally does not consider any material beyond the

16  pleadings for a Rule 12(b)(6) analysis.  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.

17  2d 1542, 1555 n. 19 (9th Cir. 1990).  Exceptions to this rule include material submitted as part of

18  the complaint or relied upon in the complaint, and material subject to judicial notice.  <u>See</u> <u>Lee v.</u>

19  <u>City of Los Angeles</u>, 250 F.3d 668, 688-69 (9th Cir. 2001); <u>see also</u> <u>Manzarek v. St. Paul Fire &</u>

20  <u>Marine Ins. Co.</u>, 519 F.3d 1025, 1030 (9th Cir. 2008)("When ruling on a motion to dismiss, we

21  may generally consider only allegations contained in the pleadings, exhibits attached to the

22  complaint, and matters properly subject to judicial notice").

23         Here, no declarations, documents, or other such evidence was attached to the complaint

24  and neither party requested that the court take judicial notice of any facts.  As such, there is no

25  evidence submitted by either party that the court can or should validly consider in order to decide

26  this motion.  As such, the court finds that plaintiff will not suffer prejudice due to an alleged

27

28

Case No.: <u>5:15-cv-03987-EJD</u>
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    premature filing of the Motion to Dismiss that supposedly deprived her of the opportunity to

2    utilize the discovery process.

3    **IV.    ORDER**

4           Based on the foregoing, Defendant's motion to dismiss is GRANTED.  All claims in the

5    Complaint are DISMISSED WITH LEAVE TO AMEND.

6           Any amended complaint must be filed on or before **July 26, 2016**, and must be consistent

7    with the discussion above. Plaintiff is advised that, although leave to amend has been permitted,

8    Plaintiff may not add new claims or new parties to this action without first obtaining Defendant's

9    consent or leave of court pursuant to Federal Rule of Civil Procedure 15.  For the reasons stated

10   above, the Court GRANTS Defendant's Motion to Dismiss with leave to amend.

11          In addition, Plaintiff is advised that the court will dismiss this action without further notice

12   for failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended complaint is

13   not filed by the deadline designated herein.

14          The court declines to set a case management schedule at this time given the dismissal of all

15   claims.

16

17   **IT IS SO ORDERED.**

18   Dated: June 27, 2016

19   

20   EDWARD J. DAVILA
     United States District Judge

21

22

23

24

25

26

27

28

Case No.: 5:15-cv-03987-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS